IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT BYRD | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-73 |
| EDWARD DELONE, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Byrd, an inmate confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Edward Delone, Karmyn Leal and Dynette Johnson. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant Delone has filed an Amended Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. #38). Plaintiff has filed a response (doc. #40). The Motion is therefore ripe for consideration.

### Factual Allegations

Plaintiff states he suffers from sciatic nerve pain caused by pinched vertebrae. He requires anti-inflammatory medication to make the pain go away. Plaintiff states he filed four sick call requests asking to see a doctor because he was in pain. While appointments were scheduled, Plaintiff was not able to go to them because a correctional officer was not available to escort him to the infirmary.

Plaintiff states that on July 24, 2018, he filed a Step 1 grievance about not being seen by a doctor and not being taken to his appointments. He asserts Defendant Delone, who responded to the grievance, ignored his complaints of pain and even granted a 45 day extension of time to investigate the grievance. Plaintiff states he did not see a doctor until November 17.

Plaintiff attached a copy of the Step 1 grievance to his Complaint. Defendant Delone's response states as follows:

> Offender Byrd, please be advised after reviewing your medical records you were schedule[d] on 8/28/18 and 10/1/18. Both date[s] you were documented as a no show and [were] rescheduled. You were seen on 10/17/18 for medical issues by the provider. Please submit sick call request[s] as necessary. You have been provided care per policy. This grievance is resolved.

(Doc. #1, p. 8).[1]

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief can be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id.* at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id.* at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

*Eleventh Amendment Immunity*

Defendant Delone asserts that to the extent he is sued for money damages in his official capacity, he is entitled to immunity under the Eighth Amendment. "The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf States Utils. Co., Loc. Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Federal claims against state

---

[1] There is a discrepancy as to when Plaintiff was seen by a doctor. He states he was not seen until November 17, while Defendant Delone's response to Plaintiff's grievance states he was seen on October 17. For the purpose of this Report and Recommendation, it will be assumed that Plaintiff was not seen until November 17.

officials in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, Defendant Delone is entitled to immunity under the Eleventh Amendment for claims for money damages against him in his official capacity. This court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

*Qualified Immunity*

To the extent he is sued for money damages in his individual capacity, Defendant Delone asserts the defense of qualified immunity. The doctrine of qualified immunity affords protection to officials against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process, with the plaintiff bearing the burden of showing that the defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense is not valid. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*). In the context of a motion to dismiss for failure to state a claim, the plaintiff's burden is discharged if "the plaintiff''s pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

*Claims Against Defendant Delone*

Plaintiff alleges that Defendant Delone, a senior practice manager, failed to properly respond to his Step 1 grievance. He contends that by failing to respond properly, Defendant Delone was deliberately indifferent to his serious medical needs.

A practice manager in the Texas state prison system has no authority to diagnose a medical condition or determine whether an inmate receives treatment. *Cooper v. Johnson*, 353 F. App'x 965, 968 (5th Cir. 2009). There is no indication Defendant Delone is a medical provider. As Defendant Delone had no role in determining what medical treatment Plaintiff received or when he received it, Plaintiff's allegations fail to show Defendant Delone was deliberately indifferent to his serious medical needs. *Criollo v. Milton*, 414 F. App'x 719, 722 (5th Cir. 2011).

Further, Plaintiff's claim that Defendant Delone improperly denied his Step 1 grievance fails to state a constitutional violation. Inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction. *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Plaintiff's allegations against Defendant Delone regarding his medical care and the denial of his grievance fail to demonstrate a constitutional violation by Defendant Delone. Defendant Delone is therefore entitled to qualified immunity regarding the claims against him in his individual capacity.

## Recommendation

The Motion to Dismiss filed by Defendant Delone should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 10th day of January, 2024.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE