| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ROBERT BYRD, §
　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　§
versus　　　　　　　　§　　CIVIL ACTION NO. 1:19-CV-73
　　　　　　　　　　　　§
EDWARD DELONE, et al., §
　　　　　　　　　　　　§
　　　　Defendants. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Robert Byrd, proceeding *pro se*, filed the above-styled civil rights lawsuit against three defendants. The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that an amended motion to dismiss filed by defendant Edward Delone be granted.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. As plaintiff filed objections to the Report and Recommendation, the court must conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The magistrate judge concluded that to the extent defendant Delone was sued in his official capacity, he was entitled to immunity under the Eleventh Amendment. The magistrate judge further concluded that to the extent defendant Delone was sued in his individual capacity for money damages, he was entitled to qualified immunity. Plaintiff complained of not receiving proper medical care and stated defendant Delone failed to properly respond to a Step 1 grievance. In his grievance, plaintiff complained of not being seen by a doctor and not being taken to his medical appointments. The magistrate judge concluded that as defendant Delone was not a medical provider and therefore had no role in determining the medical care plaintiff received,

plaintiff's allegations failed to show defendant Delone was deliberately indifferent to his serious medical needs.

In his objections, plaintiff states defendant Delone failed to comply with Health Care Policy 37.1, which provides that when an inmate complains of pain he is to be seen by a health care provider within 72 hours. Plaintiff states Delone was the highest health care worker on the unit and was obligated to enforce the policy. Further, plaintiff faults defendant Delone for not complying with a directive from the unit's head nurse that plaintiff be examined.

With respect to plaintiff's assertions regarding Policy 37.1, an alleged failure to follow prison regulations does not give rise to a constitutional violation. *Lewis v. Sec. of Pub. Safety & Corrections*, 870 F.3d 365, 369 (5th Cir. 2017) (explaining that prison rules and regulations "do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right"). Further, as the magistrate judge stated, defendant Delone, as a practice manager in the Texas state prison system, had no authority to diagnose conditions or determine whether an inmate receives treatment. *Cooper v. Johnson*, 353 F. App'x 965, 968 (5th Cir. 2009). As defendant Delone could not determine whether plaintiff received treatment, his allegations fail to demonstrate defendant Delone was deliberately indifferent to his serious medical needs.

## ORDER

Accordingly, the objections filed by plaintiff in this matter (#43) are **OVERRULED**. The findings of fact and conclusions of law set forth in the report of the magistrate judge (#42) are correct, and the report of the magistrate judge is **ADOPTED**. The amended motion to dismiss (#38) is **GRANTED**. Defendant Delone is **DISMISSED** from this lawsuit.

SIGNED at Beaumont, Texas, this 6th day of March, 2024.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE