IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT BYRD | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-73 |
| DYNETTE JOHNSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Byrd, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Dynette Johnson and Karmyn Leal. Defendants are nurses. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants have filed a joint Amended Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (doc. #29). Plaintiff has filed a response to the Amended Motion (doc. #33).

Factual Allegations

Plaintiff states he suffers from sciatic nerve pain caused by pinched vertebrae. He requires anti-inflammatory medication to make the pain go away. Plaintiff asserts he filed four sick call requests asking to see a doctor because he was in pain. Plaintiff states that in each sick call request he described the severity of his pain and stated that he could no longer feel his foot. While appointments were scheduled, Plaintiff was not able to go to them because a correctional officer was not available to escort him to the infirmary.

Plaintiff alleges that after he was unable to go to his appointments on July 24, 2018, and August 28, 2018, Defendants were responsible for scheduling him to see a physician at the next available time and within 3 days of the appointments he was unable to attend. Plaintiff states that on July 25, Defendant Leal instructed Defendant Johnson to reschedule his appointment. He states Defendant Leal issued the same instruction to Defendant Johnson on August 28.

Plaintiff alleges both Defendants were aware he was not taken to his appointments. However, neither Defendant scheduled him for another appointment.  Plaintiff states that on September 22, his leg gave out, causing him to fall and hit his head on a toilet.  He was then taken to a hospital for treatment.  On October 17, Plaintiff was seen by a provider and anti-inflammatory medication was  prescribed.

<u>The Motion to Dismiss</u>

Initially, Defendants assert that to the extent they are sued in their official capacities for money damages, they are entitled to immunity under the Eleventh Amendment.  Defendants also assert they are entitled to qualified immunity with respect to the claims against them in their individual capacities.

<u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction.  *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face.  *Id*. at 570.  Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim.  *Id*. at 555.  A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

Analysis

*Eleventh Amendment Immunity*

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf States Utils. Co., Loc. Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Federal claims against state officials in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, Defendants are entitled to immunity under the Eleventh Amendment for claims for money damages against them in their official capacities. This court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

*Qualified Immunity*

The doctrine of qualified immunity affords protection to officials against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process, with the plaintiff bearing the burden of showing that the defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense is not valid. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir.

2002) (*en banc*).  In the context of a motion to dismiss for failure to state a claim, the plaintiff's burden is discharged if "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

*Deliberate Indifference to Serious Medical Needs*

A.  Legal Standard

Plaintiff alleges a violation of his Eighth Amendment right to medical care.  To establish a violation of the Eighth Amendment to the Constitution based on the denial of medical care, a prisoner must allege a defendant was deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  A defendant is deliberately indifferent to serious medical needs only if she knows an inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).  Negligence or neglect does not rise to the level of a constitutional violation.  *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999).  In addition, disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs.  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  In *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001), the Fifth Circuit described the deliberate indifference standard as follows:

> Deliberate indifference is an extremely high standard to meet.  It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a clam for deliberate indifference.  Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs.

A delay in receiving medical treatment can constitute a constitutional violation, but only if there is deliberate indifference that results in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

B. <u>Application</u>

1. <u>Defendant Johnson</u>

Plaintiff alleges Defendant Johnson failed to schedule him for a new appointment despite being instructed on two occasions to do so.  However, Plaintiff's allegations fail to show Defendant Johnson was aware he was subject to a substantial risk of serious harm.

Plaintiff states his sick call requests described his high level of pain and that he could no longer feel his foot.  However, Plaintiff does not state Defendant Johnson saw these requests.  Nor does he indicate Defendant Johnson was otherwise aware of his level of pain.   The first communication instructing Defendant Johnson to schedule Plaintiff for another appointment described him as suffering from lower pack pain (doc. #33 at 7).  The second instruction did not describe Plaintiff's condition (doc. #33 at 8).  As these allegations do not show Defendant Johnson was aware of anything other than that Plaintiff was suffering from lower back pain, Plaintiff's allegations fail to show Defendant Johnson was aware Plaintiff was subject to a substantial risk of serious harm.  His allegations therefore fail to show Defendant Johnson violated his constitutional rights.  As a result, the claim against her in her individual capacity should be dismissed based on qualified immunity.

2. <u>Defendant Leal</u>

For the reasons set forth above with respect to Defendant Johnson, Plaintiff's allegations fail to show Defendant Leal was aware of facts demonstrating he was subject to a substantial risk of serious harm.  Plaintiff does not allege she saw his sick call requests or was aware of his high level of pain.

In addition, Plaintiff alleges Defendant Leal instructed Defendant Johnson on two occasions to reschedule Plaintiff's appointment.   While Plaintiff alleges this was not done, there is no indication Defendant Leal was aware it was not done.  As a result, even if it is assumed Defendant Leal was aware Plaintiff was subject to a substantial risk of serious harm, she did not disregard the risk.  Instead, by instructing Defendant Johnson to reschedule the appointment, Defendant Leal took

reasonable measures to abate the risk of harm to Plaintiff. Plaintiff's allegations against Defendant Leal therefore fail to demonstrate she violated Plaintiff's constitutional rights. She is therefore entitled to have the claim against her dismissed based upon qualified immunity.[1]

Recommendation

The Amended Motion to Dismiss should be granted.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 26th day of June, 2024.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also asserts Defendants failed to comply with Heath Care Policy 37.1, which provides that when an inmate complains of pain he is to be seen by a health care provider within 72 hours. However, an alleged failure to follow prison regulations does not give rise to a constitutional violation. *Lewis v. Sec. of Pub. Safety & Corrections*, 870 F.3d 365, 369 (5th Cir. 2017).